IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON THOMAS,

        Plaintiff,                     No. CIV S-08-1660 EFB

    vs.

ROBIN KEENEY,

ORDER

        Defendant.

_____/

        Plaintiff is a prisoner proceeding without counsel in action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This case is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment of $90.00 is assessed pursuant to section 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

1   The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the
2   reasons explained below, finds it fails to state a claim for relief.

3   Plaintiff recently was convicted of various offenses in the Solano County Superior Court.
4   He brings this action against his court-appointed attorney, seeking relief on the ground that the
5   attorney provided ineffective assistance of counsel. Compl., at 5-6. He seeks an order
6   suspending the defendant's license to practice law and awarding compensatory damages. *Id.* To
7   state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the violation of a
8   right secured by the Constitution or laws of the United States; and (2) the violation was
9   committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
10  (1988). Criminal defendants have a Sixth Amendment right to the effective assistance of counsel.
11  *Strickland v. Washington*, 466 U.S. 668, 686 (1984). However, court-appointed counsel
12  performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings
13  does not act under color of state law. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (public
14  defender does not act under color of state law when performing a lawyer's traditional functions
15  as counsel to a defendant in a criminal proceeding); *Franklin v. Oregon,* 662 F.2d 1337, 1345
16  (9th Cir. 1981). Therefore, plaintiff's claim is not cognizable under § 1983.

17  Because plaintiff fails to state a cognizable claim, this action must be dismissed. *See* 28
18  U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner
19  proceeding without counsel must be given leave to file amended complaint unless the court can
20  rule out any possibility that the plaintiff could state a claim).

21  Accordingly, this action is dismissed for plaintiff's failure to state a claim and the Clerk
22  is directed to close the case.

23  Dated: December 4, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE